**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

JIMMY TOBIAS,

          *Plaintiff*,

    v.

UNITED STATES DEPARTMENT
OF THE INTERIOR, OFFICE OF THE
SECRETARY,

          *Defendant*.

Civil Action No. 1:18-cv-01368 (CJN)

## <u>MEMORANDUM OPINION</u>

This matter is before the Court on Defendant's Motion for Summary Judgment (Def.'s Mot.), ECF No. 30, and Plaintiff's Cross-Motion for Summary Judgment (Pl.'s Mot.), ECF No. 33. For the reasons below, Defendant's Motion is granted and Plaintiff's Motion is denied.

### I.    Background

This case involves twenty-two Freedom of Information Act ("FOIA") requests that Jimmy Tobias submitted to the United States Department of the Interior. *See generally* Compl., ECF No. 1. Tobias sought records related to then-Secretary Ryan Zinke's activities, as well as those of other senior officials and staff. *Id.* On December 9, 2020, Defendant advised that, after producing "approximately 1,020 pages" of responsive records, it had finished processing Tobias's requests. Joint Status Report, ECF No. 29 at 2. The Parties' Summary Judgment Motions are now ripe for resolution.

### II.    Legal Standard

Summary Judgment is appropriate under Rule 56 when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a).  A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "FOIA cases typically and appropriately are decided on motions for summary judgment." *Ullah v. CIA*, 435 F. Supp. 3d 177, 181 (D.D.C. 2020) (quoting *Def.'s of Wildlife v. United* States, 623 F. Supp. 2d 83, 87 (D.D.C. 2009)).  FOIA "generally require[es] federal agencies to make their records available to the public upon request."  *DiBacco v. U.S. Army*, 795 F.3d 178, 183 (D.C. Cir. 2015).  But an agency may redact or withhold information, so long as it shows that the responsive information falls within one of the exemptions listed in 5 U.S.C. § 552(b) and that it "reasonably foresees that disclosure would harm an interest protected by [the claimed] exemption."  5 U.S.C. § 552(a)(8)(A)(i)(I); *Machado Amadis v. U.S. Dep't of State*, 971 F.3d 364, 368 (D.C. Cir. 2020).  After reviewing the agency's representations, the Court must then decide "whether [the agency's] non-disclosure was permissible."  *Elec. Priv. Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 777 F.3d 518, 522 (D.C. Cir. 2015).

### III.    Analysis

Tobias challenges the government's withholdings of information under FOIA exemption (b)(5).  Pl.'s Mot. at 1–3.  Exemption (b)(5) shields "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5).  It "'incorporates the traditional privileges that the Government could assert in civil litigation against a private litigant'—including the presidential communications privilege, the attorney-client privilege, the work product privilege, and the deliberative process privilege—and excludes these privileged documents from FOIA's reach." *Loving v. Dep't of Def.*, 550 F.3d 32, 37 (D.C. Cir. 2008) (quoting *Baker & Hostetler LLP v. U.S Dep't of Commerce*, 473 F.3d 312, 321 (D.C. Cir. 2006)); *see also Fed. Open Mkt. Comm. of Fed.*

*Reserve Sys. v. Merrill*, 443 U.S. 340, 359 (1979) (commercial-information privilege). But in order to properly invoke the exemption, it is not enough for the government to show that one of these privileges or doctrines apply. It must also show that it "reasonably foresees that disclosure would harm an interest protected by" the exemption, too. 5 U.S.C. § 552(a)(8)(A)(i)(I).

In this case, the government invokes three privileges and one doctrine to justify its (b)(5) withholdings: the deliberative-process privilege, the attorney-client privilege, the commercial-information privilege, and the attorney-work-product doctrine. ECF No. 30-2, Moore Decl. at ¶¶ 18–29. It puts forth compelling reasons why each justifies the withholdings. *See id.*, *id.* Ex. F (*Vaughn* Index); *see also* Def.'s Mot. at 4–8. But Tobias does not challenge the intricacies of how each privilege or doctrine applies. Rather, he skips directly to the second step: arguing that the government has not met its burden to show that it would suffer foreseeable harm from the disclosure of such material. *See* Pl.'s Mot. at 2. In narrowly focusing his challenge on this point, Tobias concedes that the government properly applied each individual privilege and doctrine. *Hamilton v. United States*, 502 F. Supp. 3d 266, 273 (D.D.C. 2020) ("[W]hen a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded."); *see also Twelve Jon Does v. District of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997) ("Where the district court relies on the absence of a response as a basis for treating the motion as conceded, we honor its enforcement of the rule.").

For many privileges and doctrines, to demonstrate foreseeable harm, the government must establish that disclosure would harm "debate and candid consideration of alternatives within an agency," *Jordan v. DOJ*, 591 F.2d 753, 772 (1978) (en banc), *overruled on other grounds by Crooker v. Bureau of Alcohol, Tobacco & Firearms*, 670 F.2d 1051, 1053 (D.C. Cir. 1981) (en

banc), by (for example) disclosing information that would "chill deliberations," *Machado Amadis*, 971 F.3d at 371.  Indeed, "experience teaches that those who expect public dissemination of their remarks may well temper candor with a concern for appearances . . . to the detriment of the decisionmaking process."  *N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 150–51 (1975) (quoting *United States v. Nixon*, 418 U.S. 683, 705 (1974)).  Despite this narrow focus in our caselaw, however, the language of the requirement is much broader.  An agency need show only that it "reasonably foresees . . . harm [to] an interest protected by" the exemption at issue.  5 U.S.C. § 552(a)(8)(A)(i)(I).  So long as the agency "specifically focused on 'the information at issue' . . . under review, and it concluded that disclosure of that information 'would' chill future internal discussions," the court can conclude that "[t]he agency correctly understood the governing legal requirement and explained why it was met."  *Id.*

Here, Interior has adequately demonstrated through its declarations that foreseeable harm would result from production of the information it has withheld.  Each declaration focuses on the information at issue, and each concludes that disclosure would chill future internal discussions or otherwise "harm an interest protected by an exemption."  5 U.S.C. § 552(a)(8)(A)(i)(I).  *See, e.g.*, ECF No. 30-2, Moore Decl. ¶ 20 (disclosure of predecisional and deliberative documents "would have a chilling effect on discussions within the agency . . . thereby impairing the integrity of the agency's decision-making process"); *id.* ¶ 23 (disclosure of attorney-client privileged material "would impair the ability of agency employees to fully inform agency counsel when seeking legal advice, resulting in unsound legal advice and advocacy on behalf of the agency"); *id.* ¶ 26 (disclosure of attorney work product "would expose attorneys' preparation materials to scrutiny, harming the adversarial trial process"); *id.* ¶ 29 (disclosure of commercial-information material "would put the government at a competitive disadvantage and significantly harm the government's

financial interest"); Moore Decl., Ex. F.  Indeed, the *Vaughn* Index (which the declarations specifically incorporate) specifically identifies each individual piece of withheld information and explains why its disclosure "would" harm a government interest.  *See generally* Moore Decl., Ex. F. In doing so, the *Vaughn* Index identifies what the redactions were applied to and the harm foreseen with greater specificity than the declarations that the Court of Appeals held were sufficient in *Machado Amadis*.  Interior has thus shown that the kind of harms these privileges and doctrines were designed to prevent would follow disclosure of the materials withheld here.

## IV.    Conclusion

For the forgoing reasons, Defendant's Motion is granted and Plaintiff's motion is denied. An Order will accompany this Memorandum Opinion.

DATE:  September 20, 2021

CARL J. NICHOLS
United States District Judge